IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                    Plaintiff, )<br>                            )<br>vs.                              )<br>                             )<br>MILELE L. BYNUM, )<br>AKA/MILELE KUDUMU, )<br>                    Defendant. ) | CIVIL NO. DNCW3:19CV144<br>(Financial Litigation Unit) |

## **COMPLAINT**

The United States of America, by and through its undersigned counsel, for its cause of action against Defendant states the following:

1. Plaintiff is the United States of America ("United States") and this Court has jurisdiction over the subject matter of this action by virtue of 28 U.S.C. § 1345. This is a debt collection action pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3001 *et seq.*

2. Defendant, Milele L. Bynum, is a resident of the City of Charlotte, Mecklenburg County, North Carolina, residing within the jurisdiction of this Court in the Western District of North Carolina.

3. Defendant is not in military service within the purview of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Service Members' Civil Relief Act of 2003.

4. Defendant procured scholarship awards for the 1999-2000; 2000-2001; and 2001-2002 school years through the Department of Health and Human Services (DHHS) secured by a National Health Services Corps Scholarship Program Contract in the sum of $49,223.98.

5. Defendant breached the contract by failing to complete the training program, and subsequently defaulted on the conditions of her National Health Services Corps Scholarship award

by failing to repay the debt in full within three years from the default date.

6. Defendant is indebted to Plaintiff in the principal amount of $47,873.98, plus interest on this principal computed at the applicable note rate in the amount of $47,694.73 as of February 22, 2019, and interest thereafter on this principal at the applicable note rate from this date until the date of judgment.

7. A copy of the Certificate of Indebtedness establishing the basis for Defendant's liability for this debt and a copy of the Scholarship Contract signed by Defendant are attached to this Complaint as Exhibit A and incorporated by reference.

8. Demand has been made upon Defendant by Plaintiff for the amount owed but Defendant has failed to pay same.

Wherefore, Plaintiff prays for judgment against Defendant for the total amount of $95,568.66 as of February 22, 2019, plus interest from the filing of this complaint to the date of judgment, the costs of this action and such other and further relief to which Plaintiff may be entitled in law or equity. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

This the 25th of March, 2019.

R. ANDREW MURRAY
UNITED STATES ATTORNEY
WESTERN DISTRICT OF NORTH CAROLINA

**s/Julia K. Wood**
Assistant United States Attorney
NCSB# 51754
227 W. Trade Street, Suite 1650
Charlotte, NC 28202
Ph: (704) 344-6222
Fx: (704) 227-0255
Julia.Wood@usdoj.gov



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Debt Collection Center

## CERTIFICATE OF INDEBTEDNESS
### NATIONAL HEALTH SERVICE CORPS
### SCHOLARSHIP PROGRAM

Milele L. Bynum
Aka Milele Kudumu
C/o Carolina Medical Centers
251 East Way Dr
Charlotte, NC 28213
REF: HHCA-80070021
SSN: XXX-XX-3928

**Total debt due United States as of February 21, 2019: $95,568.66 (principal $47,873.93, interest $47,694.73).**

I certify that the Department of Health and Human Services' records show the debtor named above is indebted to the United States in the amount stated. Interest accrues on the principal amount of this debt at the interest rate of 11.00% per annum. Interest accrues at $14.43 per day.

On January 20, 1999 as a medical student at the University of North Carolina School of Medicine (UNC), Ms. Bynum applied for a scholarship award through the National Health Service Corps (NHSC) Scholarship Program (SP) (42 U.S.C. 254l, m-q), U.S. Public Health Service (PHS), the Department of Health and Human Services (HHS).

She received a scholarship award(s) for the 1999-2000; 2000-2001; 2001-2002, school year(s). The funds received totaled $49,223.98 representing tuition, fees, stipends, and other reasonable educational costs.

These awards were made upon the condition that she serves in the full time clinical practice of her profession as a commissioned officer in the Regular or Reserve Corps of the Public Health Service, or as a civilian member of the NHSC, in a health professional shortage area (designated under 42 U.S.C. 254e and 42 C.F.R. Part 5) assigned by the HHS. She was to serve one (1) year of obligated service for each year of scholarship support, or two (2) years, whichever is greater.

By letter dated June 1, 2003, Ms. Bynum notified HHS that she was on maternity leave and would be returning to school in the fall of 2003. This changed her anticipated date of graduation to May 2005.

In an email dated July 7, 2003, HHS notified Ms. Bynum that they have not received her contract for academic year 2003-2004.

In an email dated August 5, 2003; Ms. Bynum informed HHS that she was not requesting funds for the 2003-2004 year, but would like to be considered for the 2004-2005 school year. She also stated she planned to return to school in September.

By letter dated June 8, 2007, the UNUC School of medicine informed the NHSC Program that their records show Ms. Bynum officially withdrew from UNC on May 23, 2006.

Ms. Bynum breached her contract(s) for failure to complete the training program.

> "Participants who are dismissed from school for academic or disciplinary reason, or who voluntarily terminate academic training before graduation from the educational program for which the scholarship was awarded, will be declared in default and held liable to the United States for repayment of all NHSC Scholarship Program funds paid to them and to the school on their behalf. The amount owed must be paid in full within 3 years from the date of default. No interest will be charged on any part of this debt to the United States within the 3 year period. If payment in full is not made within the 3 year period, interest will be assessed."

On September 27, 2007, she was notified that she had been placed in default of the conditions of her NHSC scholarship award. She was advised that failure to make repayment arrangements by the due date would result in collection actions, including the debt being referred to the U.S. Department of Justice (DOJ) for enforced collection.

By letters dated October 4, 2007 and February 26, 2009, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was also advised that paying the debt in full or entering into an RA would terminate administrative offset.

In a letter dated May 15, 2008; she was notified that she had agreed to make monthly payments of at least $300.00 and her account was past due.

In letters dated January 12, 2009 and August 18, 2010, she was sent instructions for entering into a Repayment Agreement (RA). She was notified that unless payment in full or a fully document RA was received within 30 days, the case would be referred to DOJ for enforced collection. She did not comply.

By letters dated July 15, 2008; August 11, 2018; and October 6, 2018, Ms. Bynum was sent final notices regarding the delinquent debt. She was advised that if payment was not received within sixty days, the debt would be referred to the DOJ for litigation. She did not respond.

The following provides a breakdown of payments made on the debt:

| | | |
|---|---|---|
| Voluntary Payments | 10/31/07 to 02/29/08 | 1,350.00 |
| Treasury Offset Payments | 03/12/14 to 05/03/17 | 3,682.82 |
| Total | | $5,032.52 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ), District for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

2/22/2019
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services

HRSA-857 (Rev. 11/98)

| NATIONAL HEALTH SERVICE CORPS SCHOLARSHIP PROGRAM CONTRACT SCHOOL YEAR 1999 - 2000 | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES PUBLIC HEALTH SERVICE HEALTH RESOURCES AND SERVICES ADMINISTRATION BUREAU OF PRIMARY HEALTH CARE |
|---|---|

Section 338A, C-H of the Public Health Service Act ("Act") (42 U.S.C. 254l, m-q) authorizes the Secretary of Health and Human Services ("Secretary") to provide applicants selected to be participants in the National Health Service Corps Scholarship Program ("Scholarship Program") with scholarship awards. In return for the awards, applicants must agree to provide primary health services in a manner determined by the Secretary for a period of obligated service equal to one year for each year of scholarship support received, or two years, whichever is greater.

Section 338A of the Act requires applicants to submit with their application a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 1999 - 2000 school year are set forth below.

Section A -- Obligations of the Secretary

Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the National Health Service Corps ("Corps"), the Secretary agrees to:
1. Provide the undersigned applicant ("applicant") with a scholarship award for the school year 1999 - 2000 during which the applicant:
   a. is enrolled, or is accepted for enrollment, as a full-time student in an accredited (as determined by the Secretary) educational institution in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, the Virgin Islands, the Territory of Guam, the Territory of American Samoa, the Republic of Palau, the Republic of the Marshall islands or the Federated States of Micronesia, and
   b. is pursuing a course of study leading to a degree in medicine, osteopathy, dentistry, or other health profession which has been approved by the Secretary for participation in the Scholarship Program.

The scholarship award may consist of payments, in whole or in part, for tuition, an amount for all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each school year in which the applicant is a participant in the Scholarship Program.
2. Utilize the applicant to provide primary health services in accordance with Section B(6) of this contract.
3. Defer performance of an applicant's period of obligated service if the applicant: (1) receives a degree from a school of medicine, osteopathy, dentistry, veterinary medicine, optometry, podiatry, or pharmacy, and (2) requests a period of deferment to complete residency or other advanced clinical training which the Secretary determines is consistent with the needs of the Corps for primary health services.
4. Release the applicant from all or part of his or her Corps service obligation to enter into the full-time private clinical practice as a provider of primary health services where the provisions of section 338D of the Act, 42 U.S.C. 254n and applicable Corps policies are met.
5. Credit any period of service performed in accordance with Scholarship Program policy by the applicant under the National Research Service Award Program (section 487(a) (1) (A) or (B) of the Act, 42 U.S.C. 288 (a) (1) (A) or (B)) toward satisfying the service obligation in Section B of this contract.

Section B -- Obligations of the Applicant

The applicant agrees to:
1. Accept the scholarship award provided by the Secretary under Section A(1) of this contract for the school year 1999 - 2000.
2. Maintain enrollment as a full-time student until completion of the course of study for which the scholarship award is provided. A full-time student is a student who is enrolled for a sufficient number of credit hours in any academic term to complete the course study within not more than the number of academic terms normally required at the school.
3. Notify the Scholarship Program promptly in writing as soon as one of the following events is anticipated: a leave of absence approved by the school; repeat course work, or a change in the applicant's enrollment to less than full-time student status (see Section B.(2.) of this Contract).
4. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.
5. Complete advanced clinical training required by the Secretary if he or she received a degree from a school of medicine or osteopathy.
6. Serve his or her period of obligated service by providing primary health services, as determined by the Secretary:
   a. In the full-time clinical practice of his/her profession in a health professional shortage area designated under section 332 of the Act ("HPSA") to which he or she is assigned by the Secretary as a member of the National Health Service Corps either as commissioned officer in the Regular or Reserve Corps of the Public Health Service, a civilian employee of the United States, or an individual who is not an employee of the United States;
   b. In the full-time private clinical practice of his or her health profession under a Private Practice Option Agreement (section 338D of the Act) in a HPSA selected by the Secretary.
   c. In a unit of the Department of Health and Human Services designated by the Secretary as a full-time health professional, if there is no need in a HPSA for a Corps member of the profession in which the applicant is obligated to provide health services under the contract and if such individual is a commissioned officer of the Public Health Service or a civilian employee of the United States.
7. Serve one year of obligated service for each school year the scholarship award is provided, with a minimum obligation of 2 years.
8. Undertake service in accord with placement policies and procedures in effect at the time of his or her placement.
9. Comply with provisions of Title 42, Code of Federal Regulations, Part 62, Subpart A.
10. Permit the U.S. Department of Health and Human Services to collect any debt owed by the applicant, as a result of an overpayment of scholarship award payments, through the administrative offset of subsequent scholarship award payments to the applicant under this Contract, an Optional Contract or an Extension Contract, until the debt is paid in full. An overpayment of scholarship award payments occurs when scholarship award payments are made:
    a) for repeat coursework or
    b) during any period when the applicant is on an approved leave of absense from the school, is repeating course work that will delay the applicant's graduation date, or is enrolled as a less than a full-time student (see Section B.(2.) of this Contract).

Section C -- Breach of Scholarship Contract

1. If the applicant:
   a. fails to maintain an acceptable level of academic standing in the course of study for which the scholarship award is provided,
   b. voluntarily terminates academic training before the completion of such training,
   c. is dismissed from the educational institution for disciplinary reasons, or
   d. fails to accept payment, or instructs the educational institution in which he or she is enrolled not to accept payment, in whole or in part, of a scholarship under this contract,
   then the applicant shall, instead of performing the service obligation, repay to the United States all funds paid to the applicant and to the educational institution under this contract. Payment of this amount must be made within 3 years of the date the applicant becomes liable to make payment under this paragraph.
2. If the applicant, fails to begin or complete the period of obligated service incurred under this contract for any reason other than those in paragraph 1 of this section, the United States shall be entitled to recover an amount equal to three times the scholarship funds awarded, plus interest, as determined by the formula:



$$A = 3\emptyset \left(\frac{t-s}{t}\right)$$

In which:

'A' is the amount the United States is entitled to recover,

'∅' is the sum of amounts paid to or on behalf of the applicant and the interest on such amounts which would be payable if at the time the amounts were paid they were loans bearing interest at the maximum legal prevailing rate, as determined by the Treasurer of the United States,

't' is the total number of months in the applicant's period of obligated service, and

'S' is the number of months of such period served by the applicant in accordance with section 338C of the Act or with a written agreement under section 338D of the Act.

The damages the United States is entitled to recover shall be paid within one year of the date the Secretary determines that the applicant has failed to begin or complete the period of obligated service.

### Section D — Creditability of Graduate Training Toward the Period of Obligated Service

1. No period of residency or other advanced clinical training will be counted toward satisfying the period of obligated service incurred under this contract.

### Section E — Cancellation, Suspension, and Waiver of Obligation

1. Any service or payment obligation incurred by the applicant under this contract will be canceled upon the applicant's death.
2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this contract if:
   a. compliance by the applicant with the obligation is impossible or
   b. compliance would involve extreme hardship and enforcement of such obligation would be unconscionable.

### Section F — Contract Extension

1. The applicant may annually request extension of this contract, for a period not to exceed 12 months, if the request is submitted in accordance with procedures established by the Secretary.
2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the Corps, the Secretary may approve a request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond four school years;
   b. the applicant does not owe a debt to the United States pursuant to Section C.(1.)(d.) of this contract; and
   c. the applicant is otherwise eligible for continued participation in the Scholarship Program.

---

**The Secretary or his/her authorized representative must sign this contract before it becomes effective.**

| Applicant Name (Please Print) | Applicant Signature | Date |
|---|---|---|
| Milele Kudumu | *Milele Kudumu* | 1-20-99 |
| Secretary of Health and Human Services | *Blanche Keller* | 9/30/99 |

### OPTIONAL CONTRACTS

This National Health Service Corps Scholarship Program Contract for the 1999-2000 school year ("1999-2000 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2000-2001 school year, under the same terms and conditions set forth in the 1999-2000 Contract except to the extent that the terms set forth in the 1999-2000 Contract may be subsequently amended by statute or regulation. Disbursements for the 2000-2001 school year will begin at the start of that school year. If, as of June 30, 2000, the applicant has an unpaid indebtedness to the United States under Section C.1.d. of the 1999-2000 Contract, this Optional Contract for the 2000-2001 school year is rescinded.

| 2000-2001 SCHOOL YEAR | Applicant Signature: *Milele Kudumu* | Secretary Signature: *Blanche Keller* |
|---|---|---|

This National Health Service Corps Scholarship Program Contract for the 1999-2000 school year ("1999-2000 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2001-2002 school year, under the same terms and conditions set forth in the 1999-2000 Contract except to the extent that the terms set forth in the 1999-2000 Contract may be subsequently amended by statute or regulation. Disbursements for the 2000-2001 school year will begin at the start of that school year. If, as of June 30, 2001, the applicant has an unpaid indebtedness to the United States under Section C.(1.)(d.) of the 1999-2000 Contract or the Optional Contract for the 2000-2001 school year, this Optional Contract for the 2001-2002 school year is rescinded.

| 2001-2002 SCHOOL YEAR | Applicant Signature: *Milele Kudumu* | Secretary Signature: *Blanche Keller* |
|---|---|---|

This National Health Service Corps Scholarship Program Contract for the 1999-2000 school year ("1999-2000 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2002-2003 school year, under the same terms and conditions set forth in the 1999-2000 Contract except to the extent that the terms set forth in the 1999-2000 Contract may be subsequently amended by statute or regulation. Disbursements for the 2002-2003 school year will begin at the start of that school year. If, as of June 30, 2002, the applicant has an unpaid indebtedness to the United States under Section C.(1.)(d.) of the 1999-2000 Contract, the Optional Contract for the 2000-2001 school year or the Optional Contract for the 2001-2002 school year, this Optional Contract for the 2002-2003 school year is rescinded.

| 2002-2003 SCHOOL YEAR | Applicant Signature: *Milele Kudumu* | Secretary Signature: *Blanche Keller* |
|---|---|---|